

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| SALIM  KAKAL | § | CASE NO: 17-35014 |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| NF CLEAN, PRESTACAO DE SERVICOS | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 18-3010 |
| | § | |
| SALIM  KAKAL | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION

On September 25, 2018, the Court found Salim Kakal's debt to NF Clean non-dischargeable pursuant to 11 U.S.C. § 523(a)(4), and (6).  The remaining issues before the Court are (i) whether NF Clean is entitled to attorney's fees and if so, (ii) whether those fees are also non-dischargeable pursuant to § 523.  Kakal argues that NF Clean has no basis to support an award of attorney's fees.  NF Clean counters that its attorney's fees are non-dischargeable pursuant to (i) Texas Civil Practice and Remedies Code § 38.001, and (ii) the Texas Theft Liability Act.

For the reasons set forth below, NF Clean is entitled to attorney's fees under the Texas Theft Liability Act, and the fees are excepted from discharge under § 523(a)(4).

## Background

Sometime in 2013, NF Clean Prestacao de Servicos and Salim Kakal entered into an oral agreement for the purchase of a 2013 Ford F150 Raptor Crew Cab (the "Truck").  (ECF No. 14 at 3).  Under the agreement, Salim Kakal or his company, Mondex International, Inc., would purchase the Truck from Ray Skillman Ford, Inc. in Indiana on NF Clean's behalf.  (ECF No. 14

at 3). After purchasing the Truck, Kakal would then ship the Truck from Indiana to Houston, and thereafter to Angola where it would reach NF Clean. (ECF No. 14 at 3).

Pursuant to the agreement, Kakal purchased the Truck from Ray Skillman Ford on September 13, 2013 for $68,9292.75. (ECF No. 14 at 4). For the purchase of the Truck plus shipping charges, NF Clean paid Kakal a total of $84,851.87. While in transit to Houston, however, the Truck was stolen. (ECF No. 14 at 4). Sometime in September 2014, Salim Kakal recovered the stolen Truck. (July 9, 2018 Hearing at 10:29 a.m.). Although Kakal acknowledged that the stolen Truck was NF Clean's property when he regained possession, Kakal admitted to selling the Truck to a third party, and failed to remit any of the sale proceeds to NF Clean. (July 9, 2018 Hearing at 10:23 a.m.). NF Clean never received the Truck or its proceeds.

On March 30, 2016, NF Clean filed a lawsuit in the 61st Judicial District of Harris County against both Kakal, individually, and Mondex, asserting claims for breach of contract, fraud, breach of fiduciary duty, conversion, alter ego, and sham to perpetrate a fraud. (ECF No 1 at 3; ECF No. 14–1 at 4). On August 18, 2017, Kakal filed for chapter 7 bankruptcy, staying the state court lawsuit. (Case No. 17-35014, ECF No. 1). Kakal's chapter 7 case was subsequently converted to a chapter 13 bankruptcy on October 26, 2017. (Case 17-35014, ECF No. 27). On January 1, 2018, NF Clean initiated this adversary proceeding against Kakal, alleging that Kakal's debt to NF Clean was nondischargeable under 11 U.S.C. § 523(a)(2), (4), and (6). (ECF No. 1 at 3).

The court held an evidentiary hearing on July 9, 2018, during which Kakal provided testimony. (July 9, 2018 Hearing at 10:20 a.m.). At the conclusion of the hearing, the Court held that Kakal's debt to NF Clean was nondischargeable under § 523(a)(4) and (6), and that

Kakal was liable for damages in the amount of $54,255.73. (July 9, 2018 Hearing at 11:31 a.m.). Specifically, the Court found that:

(i)     None of the elements of § 523(a)(2) were proven;

(ii)    No fiduciary relationship existed between NF Clean and Salim Kakal sufficient to find fraud or defalcation under § 523(a)(4);

(iii)   Salim Kakal committed larceny and embezzlement under § 523(a)(4) when he received the stolen Truck, subsequently sold it to a third-party, and failed to remit any of the proceeds of sale to NF Clean;

(iv)    The act of selling the recovered Truck, which belonged to NF Clean at the time, was willful and malicious under § 523(a)(6).

(July 9, 2018 Hearing at 11:31 a.m.).

The parties were unable to reach an agreement regarding appropriate attorney's fees. On September 24, 2018, Kakal filed a brief opposing an award of attorney's fees. (*See* ECF No. 17). Kakal argued that NF Clean was not entitled to recover attorney's fees, because (i) prepetition fees cannot be awarded without a state court judgment, and (ii) post-petition fees "can only be awarded where there is a contract between the parties that entitles the creditor to legal fees." (ECF No. 17 at 1).

On September 25, 2018, NF Clean filed its response, arguing that it is entitled to reasonable and necessary attorney's fees and that such fees are nondischargeable. (ECF No. 19 at 2). NF Clean conceded that there was no state court judgment in this case, but argued that under Texas law, "creditors . . . can recover attorney's fees if there is a contractual or statutory right to fees under state law." (ECF No. 19 at 4). Specifically, NF Clean argues that it is entitled to attorney's fees on the basis of (i) Texas Civil Practice and Remedies Code § 38.001 for breach of contract, and (ii) the Texas Theft Liability Act ("TTLA") for theft. (*See* ECF No. 20).

On September 25, 2018, the Court held a hearing on NF Clean's entitlement to attorney's fees. The Court agreed that a state court judgment was not a prerequisite for an award of attorney's fees. However, the Court pointed out that Kakal's debt to NF Clean is a mixed claim in that it consists of both dischargeable and non-dischargeable debt. The Court noted that under Texas law, parties are entitled to attorney's fees if the claim is based on a breach of contract but are not when the claim is for willful and malicious conduct. (September 25, 2018 Hearing at 1:38 p.m.). The Court requested further briefing on the effect of a mixed claim on the dischargeability of attorney's fees.

NF Clean submitted further briefing on October 8, 2018. The Court took this matter under advisement on October 10, 2018.

### Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

### Analysis

Under the "American Rule" each party pays its own attorney's fees arising out of litigation. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 412 U.S. 240, 247 (1975). An exception exists, however, when a specific authority granted by statute or contract—a "fee shifting" provision—states otherwise. *Id*. at 263. Thus, under Texas law, a party is entitled to attorney's fees when either a contract provides for such fees, or when a statute indicates it may recover such fees.

Bankruptcy courts analyzing the dischargeability of attorney's fees under § 523, have ordinarily viewed and analyzed those fees in two separate categories—those awarded as part of a judgment and those incurred in the prosecution of the dischargeability action.   When a bankruptcy court concludes that a particular judgment debt is non-dischargeable, attorney's fees awarded by the state court under an enforceable contract or state statute in connection with that non-dischargeable debt will also be deemed non-dischargeable.   *In re Gober*, 100 F.3d 1195, 1208 (5th Cir. Tex. 1996) ("When the primary debt is nondischargeable due to willful and malicious conduct, the attorney's fees and interest accompanying compensatory damages, including post-judgment interest, are likewise nondischargeable.") (citations omitted); *In re Luce*, 960 F.2d 1277, 1285 (5th Cir. Tex. 1992) ("When a bankruptcy court determines that the underlying debt is nondischargeable, then 'attorney's fees awarded by a state court based on state statutory or contractual grounds are [also] nondischargeable.'").   Here, there is no state court judgment on which NF Clean may rely for the recovery of attorney's fees; therefore, the remaining issues are: (i) whether there is a basis for an award of attorney's fees incurred in connection with the prosecution of the dischargeability of Kakal's debt to NF Clean, and, if there is a basis for those fees, (ii) whether such are excepted from discharge under § 523.

The Bankruptcy Code does not independently provide attorney's fees to a party seeking an exception to discharge.   *See In re Koukhtiev*, 576 B.R. 107, 135 (Bankr. S.D. Tex. 2017) (indicating that 11 US.C. § 523 does not independently provide for attorney's fees as a relief to the prevailing party).   Under certain circumstances, however, attorney's fees are allowed in nondischargeability actions in bankruptcy court.   *In re Willliams*, 337 F.3d 504, 512 (5th Cir. 2003) (holding non-dischargeable under § 523(a)(6) sanctions awarded for violation of a court order).   There must, however, exist a basis for an award of attorney's fees.

To be declared nondischargeable under § 523, attorney's fees must be (i) allowed by statute or contract, and (ii) arise from or on account of the conduct that resulted in a nondischargeable debt. *Kirk v. Schwertner Backhoe Services, Inc. (In re Kirk)*, 525 B.R. 325, 330 (Bankr. W.D. Tex. Jan. 18, 2015) ("Since the Bankruptcy Code does not address whether creditors can recover attorney's fees in nondischargeability cases, they can only do so if allowed by another statute or contract."). Thus, although attorney's fees are allowed in nondischargeability actions in bankruptcy court, there must still be a contractual or statutory basis for providing those fees.

The Court did not find non-dischargeable damages from Kakal's breach of the contract. The non-dischargeable damages were awarded due to his subsequent theft of the proceeds of the sale of the truck. Accordingly, there are no non-dischargeable fees awardable under the contract. NF Clean nonetheless argues that it is entitled to an award of attorney's fees on the basis of (i) the Texas Civil Practice and Remedies Code and (ii) the Texas Theft Liability Act.

## I. Breach of Contract

### i. *Whether Attorney's Fees are Allowed by Statute*

NF Clean claims entitlement to an award of attorney's fees for breach of contract under Texas Civil Practice and Remedies Code § 38.001(8). (ECF No. 19 at 4). Under § 38.001(8), "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8).

There is no question that the contract was breached. Both parties agree that NF Clean and Kakal entered into an oral agreement which required Kakal to purchase and deliver the Truck to NF Clean in Angola. (*See* ECF No. 14). Both parties also agree that the Truck was

stolen on its way to Houston, and that after recovering the stolen Truck, Kakal sold the Truck to a third party. (July 9, 2018 Hearing at 10:32 a.m.). Thus, NF Clean never received the Truck Kakal was contractually obligated to provide. Nevertheless, the Court found that the act of selling the Truck to a third party after Kakal regained possession of the stolen Truck, was larceny and embezzlement under § 523(a)(4), and willful and malicious under § 523(a)(6). On the basis of that finding, NF Clean now seeks a determination that its attorney's fees are also non-dischargeable.

Even in cases where a statute or contract provides for attorney's fees, bankruptcy courts have refused to rule that the fees are nondischargeable where the statute or contract was not the basis for denying discharge." *See In re Kirk*, 525 B.R at 333 (first citing *Neo Ventures, LLC v. Hamann (In re Hamann),* No. 09-01164, 2010 WL 2985887, at *7–8 (Bankr. W.D. Tex. July 27, 2010); then citing *Tritt v. Tritt (In re Tritt),* No. 12-04186, 2014 WL 1347763, at *8–9 (Bankr. E.D. Tex. Apr. 4, 2014)). In other words, the attorney's fees sought must also satisfy the second prong—they must arise from or on account of the conduct that resulted in the nondischargeable debt. *Id*.

ii.      *Whether the Attorney's Fees Stem from the Same Basis as the Claim*

Similar to the issue before the Court is *In re Carter*, No. 17-35082, 2018 WL 6060391 (S.D. Tex. Nov. 19, 2018). In *Carter*, the court held that a state court judgment and the corresponding award of attorney's fees were non-dischargeable. *In re Carter*, 2018 WL 6060391 at *40 ("[W]hen a plaintiff has successfully proven that the actual damages awarded by a state court judgment are non-dischargeable, the amount that becomes non-dischargeable encompasses both the actual damage amounts in the judgment, plus the attorney's fees awarded in the judgment." (quoting *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998)). The basis for the

allowance of the attorney's fees was the judgment itself.  *Id*.  The court declined, however, to extend the denial of discharge to the attorney's fees incurred in the prosecution of the non-dischargeable debt (*i.e.* the judgment).  *Id* at *41.  In other words, the court denied the party's request to exempt from discharge the attorney's fees incurred in the adversary proceeding.  *Id*.  As in this case, the party requesting the fees relied on Texas Civil Practice and Remedies Code § 38.001(8).  In denying the party's request for attorney's fees, the court indicated that § 38.001(8) did not apply to the adversary proceeding because it was not the basis for the dispute.  *Id*. at *42.  Rather, the party requesting the fees had sued the debtor under § 523(a)(2)(A) and (6), rather than breach of contract under § 38.001(8).  *Id*.

NF Clean filed this adversary proceeding against Salim Kakal requesting that its debt be held non-dischargeable under § 523(a)(2), (4), and (6).  (ECF No. 1 at 3).  NF Clean claims that the debt is non-dischargeable because it was a product of (i) false pretenses, false representations, or actual fraud; (ii) fraud or defalcation while acting under a fiduciary duty, and (ii) willful and malicious injury.  (ECF No. 1 at 3).  On July 9, 2018, the Court agreed in part and found that Salim Kakal's debt to NF Clean was nondischargeable based on the events that followed Kakal's recovery of the stolen Truck—the act of selling the Truck to a third party, (knowing it belonged to NF Clean) and failing to remit any of the proceeds of sale to NF Clean. (July 9, 2018 Hearing at 11:31 a.m.).  Thus, the basis for NF Clean's claim against Kakal is not breach of contract, and therefore, § 38.001(8) cannot serve as the basis for an award for attorney's fees.  *In re Carter*, 2018 WL 6060391 at *42 ("Section 38.001(8) . . . does not extend to this adversary proceeding because [the creditor] is suing the Debtor under §§ 523(a)(2)(A) and (a)(6), and these statutes do not provide such relief."); *In re Horton*, No. 95-10023, 1996 WL 255304, at *5 (5th Cir. May 3, 1996) ("The attorneys' fees do not stem from the same basis as

the debt in this case because the exception to dischargeability is sought on the basis of Horton's liability on the breach of duty claim, while the Texas Court of Appeals affirmed the award of attorneys' fees on the basis of . . .[§] 38.001, which allows attorneys' fees on a claim for a breach of contract. . . .").

### A.  Willful and Malicious Breach

NF Clean further argues that Kakal breached his oral agreement willfully and maliciously, and therefore, it is entitled to attorney's fees for the breach.  The Fifth Circuit has acknowledged that "[s]ection 523(a)(6) excepts contractual debts from discharge when those debts result from an intentional or substantially certain injury."  *In re Williams*, 337 F.3d 504, 510 (5th Cir. 2003); *Texas v. Walker*, 142 F.3d 813, 823 (5th Cir. 1998) (suggesting that a knowing breach of a clear contractual obligation that is certain to cause injury may prevent discharge under § 523(a)(6), regardless of the existence of separate tortious conduct).  However, even so, the attorney's fees must stem from the same basis as the non-dischargeable debt.  *In re Kirk*, 525 B.R. at 331.

As mentioned previously, the non-dischargeable debt for which Kakal is responsible stems not from the breach of his contractual obligation, but rather from the subsequent sale of NF Clean's property, which the Court held constituted larceny and embezzlement under § 523(a)(4) and was willful and malicious under § 523(a)(6).  (September 25, 2018 Hearing at 11:31).  Accordingly, NF Clean cannot claim entitlement to attorney's fees on the basis of either breach of contract under Texas law or a willful and malicious breach of contract under the Bankruptcy Code.

## II.  Texas Theft Liability Act ("TTLA")

NF Clean alternatively argues that it is entitled to attorney's fees on the basis of the Texas Theft Liability act ("TTLA").  (ECF No. 20 at 2).  The TTLA provides a civil cause of action to victims of "theft," as defined by the Texas Penal Code.  Tex. Civ. Prac. & Rem. Code §§ 134.001–.005.  The TTLA allows for the recovery of actual damages from a person who commits "theft," plus up to $1,000 in additional damages, court costs, and reasonable and necessary attorneys' fees.  *Id*. at § 134.005.  The TTLA defines "theft" as unlawfully appropriating property or unlawfully obtaining services as described by Sections 31.03, 31.04, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14 of the Penal Code.  *Id*. at § 134.002(2).

The provision implicated here is § 31.03, which provides that "[a] person commits an offense if he unlawfully appropriates property with the intent to deprive the owner of property." Tex. Pen. Code § 31.03(a).  The Penal Code defines "appropriate" as "to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another, or to acquire or otherwise exercise control over property other than real property." *Id*. at § 31.01(4).  Appropriation is unlawful if: (1) it is without the owner's effective consent; or (2) the property is stolen, and the actor appropriates the property knowing it was stolen by another."  *Id*. at § 31.03(b)(1)–(2).

The elements of a cause of action under the TTLA are: (i) the plaintiff had a possessory right to the property; (ii) the defendant unlawfully appropriated property in violation of the Texas Penal Code; and (iii) the plaintiff sustained damages as a result of the theft.  Tex. Civ. Prac. & Rem. Code §§ 134.002(2), 134.003; *see* Tex. Pen. Code § 31.03(a).  The party requesting relief under TTLA carries the burden of proof of their claim by a preponderance of the evidence.  *In re Powers*, 261 Fed. App'x 719, 721 (5th Cir. 2008).

On July 9, 2018, the Court found that the act of selling the Truck to a third party after Kakal regained possession of the stolen Truck, was larceny and embezzlement under § 523(a)(4), and willful and malicious under § 523(a)(6).  For purposes of 11 U.S.C § 523(a)(4), "larceny" means the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner.  *Sherali v. S&S Food Corp. (In re Sherali),* 490 B.R. 104, 124 (Bankr. N.D. Tex. Mar. 14, 2013) (citations omitted).  Both larceny and embezzlement involve the fraudulent appropriation of property; they differ only in timing.  *Wright v. Minardi (In re Minardi),* 536 B.R. 171, 190 (Bankr. E.D. Tex. Aug. 27, 2015).  Larceny applies when a debtor unlawfully appropriates property at the outset, whereas embezzlement applies when a debtor unlawfully appropriates after it has been entrusted to the debtor's care.  *Id.*  A civil theft under the Texas Theft Liability Act will satisfy the requirements for larceny so as to render a debt nondischargeable under 11 U.S.C. § 523(a)(4).  *Id.* (first citing *Sherali*, 490 B.R. at 124; then citing *Drexel Highlander, LP v. Edelman (In re Edelman)*, 2014 WL 1796217, at *42 (Bankr. N.D. Tex. May 5, 2014)).

NF Clean has met its burden of proof under the TTLA.  At the time Kakal recovered the stolen truck, NF Clean was the legal and beneficial owner of the Truck.  (July 9, 2018 Hearing at 10:52 a.m. (acknowledging it was NF Clean's Truck at the time of recovery)).  Kakal unlawfully appropriated NF Clean's property by selling the Truck to a third party, and NF Clean suffered damages in the amount of $54,255.73 as a result of Kakal's actions.  *See* TEX. CIV. PRAC. & REM. CODE §§ 134.002(2), 134.003; *see* TEX. PEN. CODE § 31.03(a).  NF Clean is entitled to an award of attorney's fees under the Texas Theft Liability Act.  TEX. CIV. PRAC. & REM. CODE § 134.005.  The attorney's fees are excepted from discharge under § 523(a)(4).  *Sherali*, 490 B.R. at 124.

## **Conclusion**

In light of the Court's findings, a hearing on the amount of reasonable and necessary attorney's fees that should be awarded will be held on February 14, 2019 at 11:00 a.m.

SIGNED **January 24, 2019.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE