

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/25/2019

| | | |
|---|---|---|
| IN RE: § | | |
| SALIM KAKAL § | CASE NO: 17-35014 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| NF CLEAN, PRESTACAO DE SERVICOS § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 18-3010 | |
| § | | |
| SALIM KAKAL § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

On February 14, 2019, Salim Kakal filed a Motion to Reconsider the Court's January 14, 2019's Memorandum Opinion.

For the reasons set forth below, the Motion to Reconsider is denied.

### Background

On July 9, 2018, the Court held that Salim Kakal's debt to NF Clean Prestacao de Servicos was nondischargeable under 11 U.S.C. § 523(a)(4) and (6). (July 9, 2018 Hearing at 11:31 a.m.). The parties were unable to reach an agreement regarding appropriate attorney's fees following the Court's liability determination. The parties filed briefing in support of their relative positions. On January 24, 2019, the Court held that NF Clean was entitled to an award of attorney's fees under the Texas Theft Liability Act, and that the fees were also excepted from discharge under § 523(a)(4). (ECF No. 21 at 11).

On February 14, 2019, three weeks after this Court's determination, Kakal filed a Motion to Reconsider. (*See* ECF No. 24). Kakal argues that the cases cited in this Court's Opinion "do

not change the case law that attorney's fees recoverable by a state statute cannot be awarded by a bankruptcy court." (ECF No. 24 at 1).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Analysis

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, a motion for reconsideration "may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Id*. (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). Federal Rules of Civil Procedure 59(e) and 60(b) are made applicable to bankruptcy proceedings under Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively.

If a motion for reconsideration is filed within 14 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Shepherd*, 372 F.3d at 328 n.1. Kakal's Motion was filed twenty-one days after the Court issued its judgment, which is outside the fourteen-day deadline in Bankruptcy Rule 9023. FED. R. BANKR. P. 9023. Accordingly, Kakal's Motion must be decided under Bankruptcy Rule 9024, which incorporates Rule 60(b). FED. R. BANKR. P. 9024.

Rule 60 provides courts with a basis to make corrections when they are based on clerical mistakes, oversights, or omissions, as well as to grant relief to parties from a final judgment, order, or proceeding. FED. R. CIV. P. 60. The pertinent portion of Rule 60 resides in the latter

half of the language, regarding the basis for which a court can grant relief to a party. FED. R. CIV. P. 60(b). Rule 60(b) states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)–(6).

In his Motion, Kakal claims that the Court erred in its judgment, because "attorney's fees recoverable by a state statute cannot be awarded by a bankruptcy court." (*See* ECF No. 24). In essence, Kakal argues that a bankruptcy court cannot award attorney's fees, recoverable under a state statute, where they have not previously been "awarded by a non-bankruptcy court." (ECF No. 24 at 1). Kakal is mistaken.

To be declared nondischargeable pursuant to § 523, attorney's fees must be (i) allowed by statute or contract, and (ii) arise from or on account of the conduct that resulted in a nondischargeable debt. *Kirk v. Schwertner Backhoe Servs., Inc. (In re Kirk)*, 525 B.R. 325, 330 (Bankr. W.D. Tex. 2015) ("Since the Bankruptcy Code does not address whether creditors can recover attorney's fees in nondischargeability cases, they can only do so if allowed by another

statute or contract."). Although attorney's fees may be excepted from discharge, there must be a contractual or statutory basis for providing those fees. *Id*; *see White Nile Software, Inc. v. Mandel (In re Mandel)*, Nos. 12-4127, 12-41282017 WL 1207503, at *32–33 (Bankr. E.D. Tex. Mar. 31, 2017) (holding attorney's fees nondischargeable pursuant to a previous holding by the same bankruptcy court, which determined there had been a violation of the Texas Civil Theft Liability Act); *Williams v. Hantla (In re Hantla)*, No. 10-03200, 2011 WL 1355867, at *4–5 (Bankr. N.D. Tex. Mar. 28, 2011) (awarding reasonable and necessary attorney's fees pursuant to violations of the Texas Theft Liability Act and finding such fees nondischargeable under § 523(a)(4) and (a)(6)); *see generally Douglass v. Douglass (In re Douglass)*, No. 13-4106, 2015 WL 6446305, at *28–29, 35, 37–38 (Bankr. E.D. Tex. Oct. 23, 2015) (holding entirety of debt nondischargeable pursuant to § 523(a)(4) and awarding statutory fees in connection with violations of the Texas Theft Liability Act).

A bankruptcy court is not precluded from awarding and finding attorney's fees nondischargeable just because there is no prior state court judgment awarding the fees. The Court is allowed to liquidate the total amount of debt that is excepted from discharge:

> [B]ankruptcy courts have both subject matter jurisdiction and the constitutional authority to liquidate state law claims in dischargeability actions . . . .

*Saenz v. Gomez*, 899 F.3d 384, 390 (5th Cir. 2018) (*citing Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009)).

So long as a basis exists, whether in statute or contract, for the award of attorney's fees, a bankruptcy court may award and find such fees nondischargeable.

4 / 5

## Conclusion

Based on the foregoing reasons, Salim Kakal's Motion to Reconsider the Court's January 24, 2019 Memorandum Opinion and Order is denied.

SIGNED **April 25, 2019.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE